IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
(Roanoke Division)

| | | |
|---|---|---|
| ABATIS, LLC | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | Civil No. 7:17-cv-00410 |
| | : | |
| BRIAN BROWN | : | By: Elizabeth K. Dillon |
| | : | United States District Judge |
| Defendant. | : | |

## FINAL ORDER GRANTING DECLARATORY RELIEF

UPON CONSIDERATION of plaintiff's, Abatis, LLC, Complaint for Declaratory Relief pursuant to 28 USC § 2201 ("the Complaint"), and it appearing that the defendant, Brian Brown, consents to the relief requested in the Complaint, the court makes the following findings:

1. That Brian Brown is an adult resident of the County of Roanoke, in the Commonwealth of Virginia.

2. By the terms of a Settlement Agreement and Release (the "Settlement Agreement"), approved by an order entered in this court on April 15, 1988, in Civil Action Number 85-0387-R (the "Order"), Brian Brown became entitled to receive periodic payments under a structured settlement (the "Settlement Payments").

3. In order to fulfill its obligation to make the Settlement Payments, the defendant in the underlying lawsuit assigned its obligation to Allstate Assignment Company. Allstate Assignment Company purchased an annuity from Allstate Life Insurance Company, who issued the subject annuity policy.

4. The Settlement Agreement contains an anti-assignment provision. The order approving the Settlement Agreement incorporates by reference the underlying the Settlement Agreement.

5. Brian Brown, desiring to receive a lump sum payment now in lieu of certain of the Settlement Payments he would otherwise receive pursuant to the Settlement Agreement and Order, agreed to transfer to Abatis, the following: 1 lump sum payment of $42,500 due on or about April 8, 2021; and 1 lump sum payment of $53,000 due on or about April 8, 2026 (the "Assigned Payments").

6. Virginia Code Ann. 59.1-475 *et seq*. (the "Virginia Transfer Act") permits the transfer of structured settlement payment rights due under an Annuity Policy such as the one in this case, as long as the parties comply with the provisions of the Virginia Transfer Act, and the court determines the transfer of structured settlement payment rights does not contravene any federal or state statute or the order of any court or responsible administrative authority, and is in the best interest of the payee, taking into account the welfare and support of the payee's dependents.

7. Brian Brown executed an Absolute Sale and Security Agreement (defined as a "Transfer Agreement" under Virginia Code Ann. §59.1-475).

8. Pursuant to Virginia Code Ann. 59.1-475 *et seq*., Abatis brought a Petition for Court approval of a transfer of Structured Settlement Payment Rights (the "Petition") in the Circuit Court for the County of Roanoke, Virginia ("the Circuit Court").

9. On August 21, 2017, the Circuit Court held a hearing on the Petition and granted the relief requested in the Petition.

10. An Order approving the transfer of structured settlement payment rights (the "Circuit Court Order") was entered by the Circuit Court on August 21, 2017.

Now therefore, in consideration of the foregoing facts, it is ORDERED, ADJUDGED AND DECREED that notwithstanding any language to the contrary in the Settlement Agreement and Release, and Order entered in this court on April 15, 1988, in Civil Action No. 85-0387-R, the defendant, Brian Brown, may transfer any portion of his structured settlement payment rights pursuant to a valid court order obtained pursuant Virginia Code Ann. 59.1-475 *et seq*.

The clerk shall provide a copy of this order to counsel for Abatis, LLC and to Mr. Brown. It is further directed that the clerk shall STRIKE this case from the active docket of the court.

Entered: December 6, 2017.

/s/ *Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge